IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VALERIE K. PRESLEY, etc., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 11-0444-WS-N |
| | ) |
| BILL VANN COMPANY, INC., et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

This matter is before the Court on the motion of defendant Cummins, Inc. ("Cummins") for summary judgment. (Doc. 130). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 130, 152, 159), and the motion is ripe for resolution. After careful consideration, the Court concludes that the motion is due to be granted.

## BACKGROUND

The plaintiff's decedent filed suit against a slew of defendants based on his exposure to asbestos and resulting health problems. After several years before an MDL judge, the case is back before the Court, though with considerably fewer defendants. Cummins's motion is based on the "bare metal defense."

## DISCUSSION

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats &*

*Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).  The moving party may meet its burden in either of two ways: (1) by "negating an element of the non-moving party's claim"; or (2) by "point[ing] to materials on file that demonstrate that the party bearing the burden of proof at trial will not be able to meet that burden."  *Id*.  "Even after *Celotex* it is never enough simply to state that the non-moving party cannot meet its burden at trial."  *Id*.; *accord Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000); *Sammons v. Taylor*, 967 F.2d 1533, 1538 (11th Cir. 1992).

"If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made."  *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993); *accord Mullins*, 228 F.3d at 1313; *Clark*, 929 F.2d at 608.

"If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact."  *Fitzpatrick*, 2 F.3d at 1116.  "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment."  *Clark*, 929 F.2d at 608 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted); *see also* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion ….").

In deciding a motion for summary judgment, "[t]he evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant …."  *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003).

There is no burden on the Court to identify unreferenced evidence supporting a party's position.[1]  Accordingly, the Court limits its review to the exhibits, and to the specific portions of the exhibits, to which the parties have expressly cited.  Likewise, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment," *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995), and the Court accordingly limits its review to those arguments the parties have expressly advanced.

The plaintiff's decedent spent several decades in the Navy and Coast Guard.  It is uncontroverted that his only exposure to products manufactured, sold or otherwise provided by the defendant was aboard the Coast Guard cutter *Point Verde* from 1977 to 1978.  The products at issue are two Cummins engines.

The parties agree that Alabama substantive law applies.  Two years ago, the Court performed a painstaking *Erie* analysis and concluded that "the Alabama Supreme Court would adopt the bare metal defense."  *Morgan v. Bill Vann Co.*, 969 F. Supp. 2d 1358, 1367 (S.D. Ala. 2013).  The plaintiff (represented by the same counsel as in *Morgan*) disagrees with that conclusion but offers nothing that draws it into question.  The bare metal defense is thus potentially applicable.

"The clear thrust of the bare metal defense is that a manufacturer cannot be held liable for asbestos-containing products used in conjunction with its bare metal [product], absent evidence that the manufacturer was part of the chain of distribution for those products."  *Morgan*, 969 F. Supp. 2d at 1369.  "Under the bare metal defense, [a defendant] is not liable for harm caused by, and owe[s] no

---

[1] Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."); *accord Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("The district court has discretion to go beyond the referenced portions of these [summary judgment] materials, but is not required to do so.").  "[A]ppellate judges are not like pigs, hunting for truffles buried in briefs," and "[l]ikewise, district court judges are not required to ferret out delectable facts buried in a massive record …."  *Chavez v. Secretary, Florida Department of Corrections*, 647 F.3d 1057, 1061 (11th Cir. 2011) (internal quotes omitted).

duty to warn [a plaintiff] or anyone else concerning the hazards of, asbestos-containing packing and gaskets that users of [its product] might install, where [the defendant] did not manufacture, sell or distribute such asbestos-containing components." *Id*.

The defendant has presented evidence negating the presence of asbestos in its engines at the time the plaintiff's decedent encountered them.[2] The plaintiff has neither challenged the defendant's evidence nor offered relevant countering evidence of her own. The plaintiff notes that her decedent testified he was exposed to asbestos from gaskets on the engines, (Doc. 152 at 10-15), but he did not testify that these gaskets were original to the engines[3] and so did not contradict the defendant's evidence.[4]

The plaintiff argues the defendant can be liable for the Coast Guard's replacement of original components with comparable asbestos-containing components, and the Coast Guard's use of asbestos-containing blankets and lagging, because such use and replacement was reasonably foreseeable. (Doc. 152 at 18). As noted, *Morgan* forecloses the plaintiff's argument. 969 F. Supp. 2d at 1369 ("Under the bare metal defense, [a defendant] is not liable for harm caused by, and owe[s] no duty to warn [a plaintiff] or anyone else concerning the hazards

---

[2] The defendant does not contend that its engines never contained asbestos; instead, it presents evidence that, between the engines' 1960 delivery and the 1977 arrival of the plaintiff's decedent, the engines had been overhauled at least once and probably several times, with the result that any and all original asbestos-containing components had been replaced. (Doc. 130-1 at 5, 11; Doc. 130-5 at 4). This evidence places the defendant in the same position vis-à-vis the plaintiff's decedent as if the engines had never contained asbestos to begin with and thus triggers application of the bare metal defense.

[3] Since the plaintiff's decedent testified that the gaskets were replaced periodically as a matter of routine maintenance, (Doc. 152 at 11, 13-14), he would have been hard-pressed to assert that any gaskets were original to a 17-year-old engine.

[4] The plaintiff's decedent also testified to exposure to asbestos from blankets placed on the engines, (Doc. 152 at 10-15), but the blankets are post-delivery additions, not components of the engines as created by the defendant.

of, asbestos-containing packing and gaskets that users of [its product] might install, where [the defendant] did not manufacture, sell or distribute such asbestos-containing components.").

The plaintiff also argues the defendant can be liable for defective design in that it "required the use of asbestos-containing gaskets, lagging and blankets." (Doc. 152 at 18). As in *Morgan*, however, the plaintiff has identified no evidence from which a jury could find that the defendant, either expressly or by the nature of its design, required the use of asbestos-containing products. 969 F. Supp. 2d at 1368. "Mere compatibility of [Cummins engines] with asbestos-containing products is not a design defect." *Id*.

## CONCLUSION

For the reasons set forth above, Cummins's motion for summary judgment is **granted**. Judgment shall be entered accordingly by separate order.

DONE and ORDERED this 4th day of August, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE