## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **VALERIE K. PRESLEY, etc.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 11-0444-WS-N |
| | ) |
| **BILL VANN COMPANY, INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

This matter is before the Court on the motion of defendant Cameron International Corporation ("Cameron") for summary judgment. (Doc. 131). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 132, 151, 160), and the motion is ripe for resolution. After careful consideration, the Court concludes that the motion is due to be denied.

## BACKGROUND

The plaintiff's decedent filed suit against a slew of defendants based on his exposure to asbestos and resulting health problems. After several years before an MDL judge, the case is back before the Court, though with considerably fewer defendants. Cameron's motion is based on the "bare metal defense."

## DISCUSSION

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats &*

*Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991).  The moving party may meet its burden in either of two ways: (1) by "negating an element of the non-moving party's claim"; or (2) by "point[ing] to materials on file that demonstrate that the party bearing the burden of proof at trial will not be able to meet that burden."  *Id*. "Even after *Celotex* it is never enough simply to state that the non-moving party cannot meet its burden at trial."  *Id*.; *accord Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000); *Sammons v. Taylor*, 967 F.2d 1533, 1538 (11th Cir. 1992).

"If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made."  *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993); *accord Mullins*, 228 F.3d at 1313; *Clark*, 929 F.2d at 608.

"If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact."  *Fitzpatrick*, 2 F.3d at 1116.  "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment."  *Clark*, 929 F.2d at 608 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted); *see also* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion ….").

In deciding a motion for summary judgment, "[t]he evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant …."  *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003).

There is no burden on the Court to identify unreferenced evidence supporting a party's position.[1]  Accordingly, the Court limits its review to the exhibits, and to the specific portions of the exhibits, to which the parties have expressly cited.  Likewise, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment," *Resolution Trust Corp. v. Dunmar Corp*., 43 F.3d 587, 599 (11th Cir. 1995), and the Court accordingly limits its review to those arguments the parties have expressly advanced.

The plaintiff's decedent spent several decades in the Navy and Coast Guard.  It is uncontroverted that his only exposure to products manufactured, sold or otherwise provided by the defendant's predecessor was aboard the Coast Guard buoy tender *Salvia* from 1958 to 1960.  The products at issue are two Cooper-Bessemer engines.

The parties agree that Alabama substantive law applies.  Two years ago, the Court performed a painstaking *Erie* analysis and concluded that "the Alabama Supreme Court would adopt the bare metal defense."  *Morgan v. Bill Vann Co*., 969 F. Supp. 2d 1358, 1367 (S.D. Ala. 2013).  The plaintiff (represented by the same counsel as in *Morgan*) disagrees with that conclusion but offers nothing that draws it into question.  The bare metal defense is thus potentially applicable.

"The clear thrust of the bare metal defense is that a manufacturer cannot be held liable for asbestos-containing products used in conjunction with its bare metal [product], absent evidence that the manufacturer was part of the chain of distribution for those products."  *Morgan*, 969 F. Supp. 2d at 1369.  "Under the

---

[1] Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."); *accord Adler v. Wal-Mart Stores, Inc*., 144 F.3d 664, 672 (10th Cir. 1998) ("The district court has discretion to go beyond the referenced portions of these [summary judgment] materials, but is not required to do so.").  "[A]ppellate judges are not like pigs, hunting for truffles buried in briefs," and "[l]ikewise, district court judges are not required to ferret out delectable facts buried in a massive record ...."  *Chavez v. Secretary, Florida Department of Corrections*, 647 F.3d 1057, 1061 (11th Cir. 2011) (internal quotes omitted).

bare metal defense, [a defendant] is not liable for harm caused by, and owe[s] no duty to warn [a plaintiff] or anyone else concerning the hazards of, asbestos-containing packing and gaskets that users of [its product] might install, where [the defendant] did not manufacture, sell or distribute such asbestos-containing components." *Id*.

The predicate for the bare metal defense is, of course, that the defendant's product contained no asbestos implanted by the defendant when the plaintiff encountered it.  The defendant has failed to demonstrate the absence of a genuine issue of material fact as to this threshold issue.  That is, the defendant has neither negated the presence of asbestos in its original product[2] nor pointed to anything in the record that shows the plaintiff will be unable at trial to offer evidence that the original engines contained asbestos that was still there in 1958.

The defendant relies on its understanding that, in his deposition, the plaintiff's decedent "did not testify that the engine's [sic] *themselves* contained asbestos, but rather, Kite believed that the external insulation or blankets placed on the engines, as well as replacement gaskets and packing, contained asbestos." (Doc. 132 at 5 (emphasis in original)).  He did not, however, testify that the gaskets containing asbestos were (or were exclusively) replacement gaskets; indeed, he did not use the word "replacement" at all.  Instead, he testified that "the gaskets and things that they used was asbestos gaskets."  (Doc. 132-3 at 2).[3] Because the plaintiff's decedent did not testify that the original gaskets contained no asbestos, and because he did not limit his asbestos exposure to replacement

---

[2] The defendant has not, for example, offered an affidavit from a knowledgeable corporate representative that completed Cooper-Bessemer engines of the type and vintage present on the *Salvia* did not include any asbestos-containing components.  The defendant's ipse dixit that "it is undisputed that the Cooper-Bessemer engine itself was not made of asbestos," (Doc. 132 at 4), does not substitute for record evidence.

[3] The defendant concedes that these gaskets were part of the engines' exhaust system.  (Doc. 132 at 13).  There were also head gaskets.  (Doc. 151 at 14).

gaskets, the defendant has failed to show that the plaintiff cannot prove exposure to asbestos present in the original engines.

Although the plaintiff has dodged this bullet, she should not derive undue comfort from her escape. While the initial burden on this motion lies with the defendant, at trial the plaintiff will bear the burden of producing evidence that her decedent was exposed to asbestos original to the Cooper-Bessemer engines.

## CONCLUSION

For the reasons set forth above, Cameron's motion for summary judgment is **denied**.

DONE and ORDERED this 4th day of August, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE